# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRYL ALLEN FLYNN,

               Plaintiff,

v.

Case No. 17-CV-553-JPS

NATASHA WILLIAMS,

               Defendant.

**ORDER**

On April 18, 2017, Plaintiff, a prisoner, filed this action *pro se*. (Docket #1). On April 20, 2017, the Court ordered Plaintiff to either pay an initial partial filing fee as calculated under the Prison Litigation Reform Act, 28 U.S.C. § 1915, or, if he wished to avoid paying the filing fee in this case, to file a notice of voluntary dismissal. (Docket #5). Plaintiff has done the latter by filing a notice of dismissal on May 8, 2017. (Docket #7). The Court will adopt that notice and dismiss this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

Accordingly,

---

[1] In his notice, Plaintiff requests a refund of his initial partial filing fee. (Docket #7). However, he has not paid any fee in this case yet, so nothing can be refunded to him. It may be that Plaintiff is referring to his other civil case, Case No. 17-CV-312 (E.D. Wis.), in which he paid an initial partial filing fee of $15.62. In that case, Plaintiff was given the same choice as in this one: voluntarily dismiss and avoid paying any fee, or proceed to screening. Because Plaintiff did not choose to voluntarily dismiss that action, he has lost his opportunity to recoup any part of the filing fee in that case. *See Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) ("A litigant who proceeds *in forma pauperis* still owes the fees."); *Abdul-Wood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.").

**IT IS ORDERED** that Plaintiff's notice of dismissal (Docket #7) be and the same is hereby **ADOPTED**; this action be and the same is hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 10th of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge